# JANUARY TERM, 1848.

## THE STATE v. POST.

Slavery existed in New Jersey prior to the adoption of the Constitution of 1844, and was not abolished by that Constitution. (a)

Error to the Supreme Court.

To a writ of habeas corpus allowed at the bar of the Supreme Court, commanding Post, the defendant, to bring up the bodies of a colored man named William and of a colored woman named Flora, whom he illegally detained. Post returned that he held them as Slaves by virtue of the laws of New Jersey, under a bill of sale. To this return there was a demurrer and joinder, the real question raised and argued being whether Slavery and all involuntary servitude was not abolished by Sect. 1, of Article 1, of the State Constitution of 1844. The Supreme Court (*Spenc.* 368) held the return sufficient, and overruled the demurrer. (a)

This judgment was removed to this court by writ of error.

The cause was argued by *W. Halsted,* for plaintiff in error, no one appearing for defendant.

---

(a) Since this decision *Slavery* as such has been abolished by Statute, approved April 16, 1846; *R. S.* 382; but the old Slaves held to service. The distinguishing feature of this Statute is, that it abolishes all the odious disabilities of the Slave, while it leaves untouched the vested rights of the master to his services.

The court affirmed the judgment below by the following vote :

*For Affirmance*—GREEN, (C. J.) ROBERTSON, SPEER, PORTER, SCHENCK, SPENCER, and WHITEHEAD—7.

*For Reversal*—The CHANCELLOR—1.

CITED *in State* v. *Baird*, 4 *C. E. Green* 488.